UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTICT OF MICHIGAN
SOUTHERN DIVISION

BRIAN G. WILLIAMS,

    Plaintiff,                     Civil Action No. 14-14693
                                  Honorable Sean F. Cox
v.                               Magistrate Judge Elizabeth A. Stafford

MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC.,
NATIONSTAR MORTGAGE, LLC, and
REDC, LLC d/b/a Auction.com,

    Defendants.
_____/

**REPORT AND RECOMMENDATION TO
<u>GRANT REDC, LLC'S MOTION TO DISMISS [9]</u>**

**I.    INTRODUCTION**

Plaintiff Brian G. Williams filed this action in state court against Mortgage Electronic Registration Systems, Inc. ("MERS"), NationStar Mortgage, LLC ("NationStar"), and REDC, LLC d/b/a Auction.com ("REDC"), alleging wrongful foreclosure, breach of contract, and fraud. [1-2]. Before the Court is REDC's motion to dismiss [9][1], which was referred to the undersigned for Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). [10]. For the following reasons, the Court **RECOMMENDS**

---

[1] The Court will address MERS and NationStar's motion to dismiss [4] and Williams' motion for leave to amend the complaint [16] in a separate report and recommendation on a later date.

that REDC's motion to dismiss [9] be **GRANTED**.

## II.  DISCUSSION

On December 11, 2014, MERS and NationStar – with REDC's consent – removed the action to this Court based on diversity jurisdiction. [1].  In the notice of removal, they acknowledge that REDC has the same citizenship as Williams for diversity jurisdiction purposes, but say that this does not preclude diversity jurisdiction because Williams fraudulently joined REDC in the action.  [1, Pg ID 4-5].

On January 21, 2015, REDC filed a motion to dismiss alleging that it was fraudulently joined in order to defeat federal diversity jurisdiction, as evidenced by the fact that Williams' claims against REDC lack factual support:

> Plaintiff's claims against REDC are without support, as (1) Plaintiff has not and cannot allege the existence of a contract between himself and Auction.com; (2) Plaintiff has not and cannot allege that REDC has claimed or might claim an interest in the property, necessary to support [his] wrongful foreclosure claim; and (3) Plaintiff has not and cannot plead facts sufficient to support a fraud claim, as REDC has had no contact or interaction with Plaintiff .

[9, Pg ID 164-65].

Federal Rule of Civil Procedure 21 permits a court to drop a party who has been misjoined in an action.  Fraudulent joinder exists where a plaintiff adds a non-diverse defendant against which he cannot establish a

cause of action under state law.  See *Coyne v. American Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999).  Here, Williams did not respond to REDC's motion to dismiss and has not otherwise disputed the claim that REDC was fraudulently joined.  To the contrary, on February 27, 2015, Williams filed a motion for leave to amend the complaint which, if granted, would drop REDC as a defendant.  [16-2, Pg ID 303-316].

Thus, the Court finds that REDC was fraudulently joined, and it should be dropped from this action pursuant to Rule 21.

### III.   CONCLUSION

For the foregoing reasons, the Court **RECOMMENDS** that REDC's motion to dismiss [9] be **GRANTED** and that REDC be **DISMISSED** from this action.

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: March 26, 2015

### NOTICE TO THE PARTIES REGARDING OBJECTIONS

Either party to this action may object to and seek review of this Report and Recommendation, but must act within fourteen days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b)(2).  Failure to file specific objections constitutes a waiver of any

further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991)*; United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that party might have to this Report and Recommendation. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). A copy of any objection must be served upon this Magistrate Judge. E.D. Mich. LR 72.1(d)(2).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this Report and Recommendation to which it pertains. Not later than fourteen days after service of objections, **the non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc. The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation.

## **CERTIFICATE OF SERVICE**

    The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 26, 2015.

                                         s/Marlena Williams
                                         MARLENA WILLIAMS
                                         Case Manager