UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTICT OF MICHIGAN
SOUTHERN DIVISION

BRIAN G. WILLIAMS,

        Plaintiff,               Civil Action No. 14-14693
                                   Honorable Sean F. Cox
v.                                Magistrate Judge Elizabeth A. Stafford

MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC.,
NATIONSTAR MORTGAGE, LLC, and
REDC, LLC d/b/a Auction.com,

        Defendants.
_____/

**REPORT AND RECOMMENDATION TO DENY PLAINTIFF'S
MONTION FOR LEAVE TO AMEND COMPLAINT [R. 16]
AND GRANT DEFENDANTS' MOTION TO DISMISS [R. 4]**

## I.    INTRODUCTION

      Plaintiff Brian G. Williams filed this action in state court against

Mortgage Electronic Registration Systems, Inc. ("MERS"), Nationstar

Mortgage, LLC ("Nationstar"), and REDC, LLC[1] alleging wrongful

foreclosure, breach of contract, and fraud.  [R. 1-2].  Before the Court are

MERS and Nationstar's (collectively "Defendants") motion to dismiss [R. 4]

– which was referred to the undersigned for Report and Recommendation

pursuant to 28 U.S.C. § 636(b)(1)(B) [R. 10] – and Williams's motion for

_____

[1]The Court dismissed REDC, LLC from the case on April 15, 2015.  [R. 22].

leave to amend the complaint [R. 16] – which was referred to the undersigned for determination pursuant to 28 U.S.C. § 636(b)(1)(A) [R. 17]. For the following reasons, the Court **RECOMMENDS** that Defendants' motion to dismiss [R. 4] be **GRANTED** and that Williams's motion for leave to amend complaint[2] [R. 16] be **DENIED**.

## II.   BACKGROUND

This action involves residential property located at 5169 Lahring Road, Linden, Michigan 48451 (the "Property").  On November 30, 2007, Williams and Danielle R. Williams[3] (collectively "Borrowers") entered into a mortgage loan transaction (the "Loan") with non-party Countrywide Bank, FSB in the amount of $138,000.00.  To secure the Loan against the Property, Borrowers executed a mortgage naming MERS as nominee for the lender (the "Mortgage").  On September 8, 2009, MERS assigned the Mortgage to Bank of America, N.A., successor by merger to BAC Home Loans Servicing, LP.  On September 27, 2013, Bank of America assigned

---

[2] Although a motion to amend is not ordinarily considered dispositive, because the Court is also recommending the dismissal of Williams's remaining claims, denying his motion to amend is equivalent to dismissing his case with prejudice.  *See Vogel v. U.S. Office Products Co.*, 258 F.3d 509, 514-15 (6th Cir. 2001) ("In determining whether a particular motion is dispositive, the court undertakes functional analysis of the motion's potential effect on litigation.").  Thus, the Court errs on the side of caution and proceeds by R & R under 28 U.S.C. § 636(b)(1)(B).

[3] Danielle Williams is not named as a plaintiff in the original complaint, but she is in the proposed amended complaint.  [R. 16-2].

the Mortgage to Nationstar.

Borrowers subsequently defaulted on their Loan obligations, and on April 23, 2014, Nationstar commenced foreclosure-by-advertisement proceedings, scheduling a foreclosure sale for May 21, 2014. Notice of the sale was published in the Flint-Genesee County Legal News on April 23, April 30, May 4, and May 14, 2014 and was posted on the front door of the Property on April 26, 2014. [R. 4-7, PgID 123-24]. Nationstar purchased the Property at the foreclosure sale and subsequently conveyed its interest in the Property to Federal Home Loan Mortgage Corporation ("Freddie Mac"), the investor of the Loan. According to the complaint, the Property was sold via online auction on August 5, 2014, subject to Borrowers' right of redemption.

Williams filed this action in state court on November 5, 2014, and Defendants subsequently removed the case to this Court based on diversity jurisdiction. [R. 1]. The redemption period expired on November 21, 2014 without Borrowers redeeming the Property.

Defendants filed a motion to dismiss on December 18, 2014. [R. 4]. On February 27, 2015, Williams filed a response to the motion [R. 15] as well as a separate motion for leave to amend the complaint [R. 16]. Both motions are fully briefed.

3

## III.    MOTION TO DISMISS

### A.    Standard of Review

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests a complaint's legal sufficiency.  Although the federal rules only require that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief," *see* Rule 8(a)(2), the statement of the claim must be plausible.  Indeed, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  The *Iqbal* Court explained, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

The plausibility standard "does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct]." *Twombly*, 550 U.S. at 556.  Put another way, the complaint's allegations "must do more than create speculation or suspicion of a legally cognizable cause of action; they must show *entitlement* to relief." *League of United*

4

*Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (emphasis in original) (citing *Twombly*, 550 U.S. at 555-56).

In deciding whether a plaintiff has set forth a "plausible" claim, the Court must construe the complaint in the light most favorable to the plaintiff and accept as true all well-pleaded factual allegations. *Id.*; *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, legal conclusions need not be accepted as true. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Ultimately, "[d]etermining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

Assessment of the facial sufficiency of the complaint ordinarily must be undertaken without resort to matters outside the pleadings. *Wysocki v. Int'l Bus. Mach. Corp.*, 607 F.3d 1102, 1104 (6th Cir. 2010). However, "documents attached to the pleadings become part of the pleadings and may be considered on a motion to dismiss." *Commercial Money Ctr., Inc. v. Illinois Union Ins. Co.*, 508 F.3d 327, 335 (6th Cir. 2007) (citing Fed. R. Civ. P. 10(c)). A court may also consider "public records, items appearing in the record of the case and exhibits attached to defendant's motion to

dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008).

**B.    Analysis**

In the original complaint, Williams alleges three causes of action: (1) wrongful foreclosure; (2) breach of contract; and (3) fraud.  [R. 1-2]. Because it is clear that each claim contains insufficient factual matter to state a claim that is plausible on its face, the complaint fails as a matter of law and can be dismissed solely on that ground.  *Iqbal*, 556 U.S. at 678. However, each claim fails for other reasons as well.

**1. Count I – Wrongful Foreclosure**

In Count I, Williams alleges that Defendants failed to "follow the requirements of the Foreclosure process set forth in MCL 600.3201 *et seq.*, including, but not limited to, failing to properly calculate the amount claimed to be due on the date of the notice of foreclosure and notifying Plaintiff of the Sheriff's sale."  [R. 1-2, Tr. 23].  This allegation represents the entirety of Williams's wrongful foreclosure claim.

Michigan law requires that a foreclosure-by-advertisement notice include "[t]he amount claimed to be due on the mortgage on the date of the notice."  Mich. Comp. Laws § 600.3212(c).  Williams appears to claim that

6

the foreclosure notice here incorrectly stated the *total* amount due and, as a result, was legally invalid.  *See Nadratowski v. Mortg. Elec. Registration Sys.*, No. 14-14010, 2015 WL 519242, at *2 (E.D. Mich. Feb. 9, 2015) (Edmunds, J.) (analyzing claim brought by Williams's counsel that is nearly identical to Williams's wrongful foreclosure claim).  However, from a pleading perspective, the complaint falls grossly short of meeting the standard under *Twombley and Iqbal*.  Williams failed to assert basic elements of his claim, including how Defendants miscalculated the amount due, what the correct balance was according to his records, and how the alleged discrepancy impaired his ability to challenge the underlying foreclosure.  *See id.* (citing *Iqbal*, 556 U.S. at 678 ("the pleading standard Rule 8 announces … demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation") (citations omitted)).  Williams's wrongful foreclosure claim "is little more than a series of 'naked assertion[s] devoid of further factual enhancement.'"  *Id.* (quoting *Iqbal*, 556 U.S. at 678).

Even assuming Defendants failed to strictly adhere to Section 600.3204's requirements, Williams "must do more than rest his case on speculative, future harm.  He must establish prejudice (such as double liability) resulting from the foreclosing party's failure to adhere to the statute's requirements." *Carmack v. Bank of New York Mellon*, 534 Fed.

7

Appx. 508, 513 (6th Cir. 2013).  To demonstrate such prejudice, Williams must show that he "'would have been in a better position to preserve [his] interest in the property absent [Defendants'] noncompliance with the statute.'"  *Id.* (quoting *Kim V. JPMorgan Chase Bank, N.A.*, 493 Mich. 98, 115 (2012)).  Williams fails to claim that he would have been in a better position to preserve his interest in the Property absent Defendants' purported noncompliance with Michigan's foreclosure-by-advertisement statute, and thus, he cannot establish that any such noncompliance prejudiced him.

Moreover, "after the statutory redemption period has expired, courts may examine a plaintiff's effort to set aside the foreclosure sale only where such a plaintiff has made a clear showing of fraud, or irregularity that relates to the foreclosure procedure itself."  *Elsheick v. Select Portfolio Servicing, Inc.*, 586 Fed. Appx 492, 497 (6th Cir. 2013) (citations and internal quotation marks omitted).  Here, the six-month redemption period expired on November 21, 2014 without Williams redeeming the property and, as explained below, Williams fails to allege a plausible claim for fraud or irregularity related to the foreclosure procedure.  Thus, there is no basis for the Court to entertain setting aside the foreclosure sale.

Williams failed to state a plausible claim for wrongful foreclosure.

8

### 2. Count II – Breach of Contract

In Count II, Williams claims that "Defendants breached the implied covenant of good faith and fair dealing in the contract with Plaintiff by … [n]ot notifying Plaintiff of his options[] and … [p]utting the home up for bid prior to the redemption date."  [R. 1-2, PgID 15].  This claim is deficient for numerous reasons.

Williams fails to allege facts that establish a plausible breach of contract claim.  To plead a breach of contract claim under Michigan law, a plaintiff must allege: (1) the existence of a contract between the parties; (2) the terms of the contract; (3) that defendant(s) breached the contract; and (4) that the breach caused his or her injury.  *Webster v. Edward D. Jones & Co., L.P.*, 197 F.3d 815, 819 (6th Cir. 1999).  Here, Williams failed to allege that Defendants breached any terms of a contract, nor does he claim that he suffered any injury as a result of any such breach.  Furthermore, "Michigan does not recognize a cause of action for breach of the implied covenant of good faith and fair dealing."  *Fodale v. Waste Mgmt. of Mich., Inc.*, 271 Mich. App. 11, 35 (2006).  Thus, Williams's breach of the implied covenant of good faith and fair dealing claim fails on its face.

### 3. Count III – Fraud

In Count III, Williams sets forth his fraud claim in three one-sentence

paragraphs.  He alleges that "[t]he actions of not notifying Plaintiff of his

options and not notifying him of the Sheriff Sale was fraud"; that

"Defendants knew that representations[] should have been made";  and

that he will suffer irreparable damage from the loss of the Property.  [R. 1-2,

PgID 15-16].

Where a complaint alleges fraud or mistake, the heightened pleading

requirement of Federal Rule of Civil Procedure 9(b) applies and requires

that the plaintiff "state with particularity the circumstances constituting fraud

or mistake."  *Yuhasz v. Brush Wellman, Inc.*, 341 F.3d 559, 563 (6th Cir.

2003).  To satisfy this particularity requirement, the Sixth Circuit requires

that the complaint: (1) specify the time, place, and content of the

statements that plaintiff contends were fraudulent; (2) identify the speaker;

(3) explain why the statements were fraudulent; (4) allege the fraudulent

scheme and intent of the defendants; and (5) allege the injury resulting

from the fraud.  *See Frank v. Dana Corp.*, 547 F.3d 564, 569-70 (6th Cir.

2008); *Yuhasz*, 341 F.3d at 563.  The sparse allegations in Williams's fraud

count do not come close to satisfying the heightened pleading requirement,

so his claim of fraud fails.

## IV.   MOTION TO AMEND COMPLAINT

### A.   Standard of Review

A party may amend its pleading once as a matter of course within twenty-one days after service of a responsive pleading or twenty-one days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier. Fed. R. Civ. P. 15(a)(1).  A party that fails to take advantage of the opportunity to amend as of right "may amend its pleading only with the opposing party's written consent or the court's leave."  Fed. R. Civ. P. 15(a)(2).  "[T]he thrust of Rule 15 is to reinforce the principle that cases 'should be tried on their merits rather than the technicalities of pleadings.'" *Moore v. City of Paducah*, 790 F.2d 557, 559 (6th Cir. 1986) (quoting *Tefft v. Seward*, 689 F.2d 637, 639 (6th Cir. 1982)).  Leave to amend a pleading should be freely given when justice so requires.  Fed. R. Civ. P. 15(a)(2).

However, a court should deny a motion to amend "if the amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party or would be futile."  *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir. 1995) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).  "A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss."  *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000).

11

**B.    Analysis**

The proposed amended complaint substitutes Freddie Mac as a defendant in place of MERS and adds Danielle R. Williams as a plaintiff.[4] [R. 16-2].  Borrowers allege the same three claims as the initial complaint, but they plead additional factual allegations hoping to satisfy the pleading requirement and survive dismissal.  Nonetheless, none of their claims have merit.

Although the Borrowers allege wrongful foreclosure, breach of contract and fraudulent misrepresentation, their allegations are all rooted in an argument that Nationstar committed wrongdoing by commencing foreclosure proceedings despite the initiation of loan modification discussions.  Further, each proposed count requests that the foreclosure proceedings be declared null and void, and that the Sheriff's sale be rescinded.

None of these proposed counts is viable as a vehicle for setting aside the foreclosure sale because none even alleges fraud or irregularity that relates to the foreclosure process itself.  *Elsheick*, 586 Fed. Appx at 497. In a recent Sixth Circuit case, the court emphasized that irregularities in a loan modification process do not relate to the foreclosure process itself.  "At

---

[4] Neither the substitution of Freddie Mac as a defendant, nor the addition of Danielle Williams as a plaintiff is material to the analysis of the claims.

most, Campbell alleges irregularities with the loan modification process that occurred contemporaneously with the foreclosure.  An alleged irregularity in the loan modification process, however, does not constitute an irregularity in the foreclosure proceeding." *Campbell v. Nationstar Mortgage*, No. 14-1751, 2015 WL 2084023, at *5 (6th Cir. May 6, 2015).  Thus, the Borrowers proposed amendments would be futile.

Other reasons why the proposed amendments are without merit are addressed below.

### 1. Amended Count I – Wrongful Foreclosure

In the amended wrongful foreclosure claim, Borrowers summarily claim that "Nationstar's foreclosure of the subject property violated both state and federal statutes, rules and procedures including, but not limited to MCL 600.3201 et seq., the Real Estate Settlement Procedures Act (RESPA), 12 USC 2605, et seq. and 12 CFR 1024.41 ('Regulation X')."  [R. 16-2, PgID 310-11].  In support of this claim they assert that they were "engaged in loan modification or other loss mitigation … negotiations" when Nationstar commenced foreclosure proceedings; that Nationstar never informed them they were ineligible for any loss mitigation options; and that Nationstar violated RESPA by "pursuing loss mitigation options contemporaneously with active foreclosure proceedings."  [*Id.*].

13

Problematically for the Borrowers, they do not demonstrate what law Nationstar violated even if their allegations are true; their generic reliance on M.C.L. § 600.3201 and RESPA's entire statutory scheme is insufficient. In their motion to amend, the Borrowers rely on *Jarchow v. CitiMortgage, Inc.*, No. 13-11925, 2014 WL 1759074, at *3 (E.D. Mich. May 2, 2014) (Zatkoff, J.), which cited M.C.L. § 600.3205 as prohibiting foreclosure proceedings from being commenced for a period of time after a borrower has requested a loan modification. However, § 600.3205 was repealed effective June 19, 2014. Thus, the Borrowers have failed to demonstrate that Nationstar's initiation of foreclosure while loan modification discussions were ongoing violated any law.

### 2. Amended Count 2 – Breach of Contract

In the amended breach of contract claim, Borrowers allege Nationstar breached Paragraph 22 of the Mortgage by failing to provide them with the proper notice of default prior to acceleration of the Loan. [R. 16-2, PgID 313-14]. Even if true, such breach of contract would not constitute fraud or irregularities in the foreclosure proceedings, which are the only grounds for setting aside the foreclosure. *Elsheick*, 586 Fed. Appx at 497.

The Borrowers further allege that Nationstar breached an implied covenant of good faith and fair dealing by "[d]isingenuously negotiating loss

14

mitigation assistance" and "[m]isleading [them] about approval and extension of loss mitigation assistance as an alternative to foreclosure." [*Id.*].  This claim is barred by the statute of frauds, which deems a promise or commitment from a financial institution unenforceable unless it is in writing and signed by an authorized agent of that institution.  M.C.L. § 566.132(2).  "This statute 'plainly states that a party is precluded from bringing a claim-no matter its label-against a financial institution to enforce the terms of an oral promise.'" *Nadratowski*, 2015 WL 519242, at *3 (quoting *Crown Tech Park v. D & N Bank, FSB*, 242 Mich. App. 538, 550 (Mich. Ct. App. 2000).  Here, the Borrowers allege no facts regarding a writing signed by Nationstar promising to modify the Loan.

The Borrowers argue that Michigan recognizes a breach of the implied covenant of good faith and fair dealing claim where a party's "performance was a matter of its own discretion[,]" and "Defendants have made the approval of the loan modification application a matter left to their own discretion."  [R. 15, PgID 270 (citing *ParaData Computer Networks, Inc. v. Telebit Corp.*, 830 F. Supp. 1001, 1005 (E.D. Mich. 1993))].  But, this Court previously rejected that argument, explaining that "defendants' discretion to modify the plaintiffs' loan does not arise from the parties' agreement, rather defendants' discretion to modify plaintiffs' loan is

15

pursuant to the Home Affordable Modification Program (HAMP).

Therefore, [*ParaData*] is inapplicable here." *Baumgartner v. Wells Fargo Bank, N.A.*, No. 11-14065, 2012 WL 2223154, at * 6-7 (E.D. Mich. June 15, 2012) (Steeh, J.).

Accordingly, Borrowers' claims for breach of contract and breach of the implied covenant of good faith and fair dealing fail.

### 3. Amended Count III – Fraudulent Misrepresentation

In their final count, Borrowers allege Nationstar committed fraud by representing to them "that it would not begin foreclosure proceedings while the parties were actively pursuing loan modification or other financial assistance programs." [R. 16-2, PgID 315]. Like the original claim of fraud, the amended fraudulent misrepresentation claim fails to satisfy Rule 9(b)'s heightened pleading requirement. *See Frank*, 547 F.3d at 569-70; *Yuhasz*, 341 F.3d at 563.

Further, because the Borrowers' fraudulent misrepresentation claim relies on the alleged broken promise of a *future* loan modification, it fails for two additional reasons. Under Michigan law, "an action for fraudulent misrepresentation must be predicated upon a statement relating to a past or an existing fact." *Hi-Way Motor Co. v. Internat'l Harvester Co.*, 398 Mich. 330, 336 (1976). "Future promises are contractual and do not

16

constitute fraud." *Id.* Moreover, the statute of frauds bars Borrowers'

fraudulent misrepresentation claim because it relies on alleged loan

modification promises that are not in writing or signed by Nationstar.

§ 566.132(2); *Crown Tech.*, 242 Mich. App. at 550.

Based on the foregoing, amendment would be futile.

## V. CONCLUSION

For the foregoing reasons, the Court **RECOMMENDS** that

Defendants' motion to dismiss [R. 4] be **GRANTED** and that Williams's

motion for leave to amend complaint [R. 16] be **DENIED**.

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: July 30, 2015

## NOTICE TO THE PARTIES REGARDING OBJECTIONS

Either party to this action may object to and seek review of this

Report and Recommendation, but must act within fourteen days of service

of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P.

72(b)(2). Failure to file specific objections constitutes a waiver of any

further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v.

Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991)*; United States v. Walters*,

638 F.2d 947 (6th Cir. 1981). Filing objections which raise some issues but

fail to raise others with specificity will not preserve all objections that party

might have to this Report and Recommendation.  *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  A copy of any objection must be served upon this Magistrate Judge.  E.D. Mich. LR 72.1(d)(2).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this Report and Recommendation to which it pertains.  Not later than fourteen days after service of objections, **the non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.  The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation.

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 30, 2015.

<div style="margin-left:auto;">
s/Marlena Williams_____
MARLENA WILLIAMS
Case Manager
</div>